■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of TRUDY I. and Another, Children Alleged to be Neglected, Respondent, v LEONA W., Respondent, and LENORE GITTIS, as Law Guardian, Appellant. [596 NYS2d 141] —In a child neglect proceeding pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by her brief, from so much of an order of disposition of

the Family Court, Kings County (Segal, J.), entered December 11, 1992, as, upon a fact finding order of the same court, dated August 5, 1992, made upon the mother's admission, *inter alia,* finding that the children had been neglected, released the children to the custody of the mother.

Ordered that the order of disposition is reversed insofar as appealed from, without costs or disbursements, the provision thereof which released the children to the custody of the mother is deleted, and a provision is substituted therefor continuing the custody of the children with the petitioner for a period of one year, during which the mother shall comply with that provision of the order which required her to participate in therapy and take all prescribed medication; and it is further,

Ordered that the mother shall continue with her current plan of supervised visitation with the children.

This appeal concerns a dispositional hearing held pursuant to Family Court Act article 10 to determine the placement of two children, Trudy, born August 9, 1981, and her brother Anthony, born October 29, 1989. The petitioner Commissioner of Social Services of the City of New York commenced this neglect proceeding against the mother based on allegations that she beat Trudy with a metal rod and with her fists on January 21, 1992, that she had been diagnosed as a paranoid subchronic schizophrenic, and that she had homicidal thoughts towards Trudy. Trudy and Anthony were placed with the Commissioner following the incident on January 21, and the mother was hospitalized in a psychiatric unit. In August 1992 the court made a finding of neglect based on an admission by the mother, and a dispositional hearing was held in December 1992. After the hearing, the court directed that the children were to be released to the mother's custody upon the condition that she continue with psychotherapy and a medication regimen for one year. The Law Guardian appealed, and this Court issued a stay of the order of disposition. We now reverse the order of disposition of the Family Court insofar as appealed from.

The paramount concern in a dispositional hearing is the best interests of the child *(see, Matter of Star Leslie W.,* 63 NY2d 136, 147; *Matter of Valerie Leonice T.,* 107 AD2d 327). This inquiry involves the parent's capacity to properly supervise the child, based on current information *(see, Matter of Katrina W.,* 171 AD2d 250, *appeal dismissed* 79 NY2d 976, *cert denied sub nom. Rosalyn W. v Suffolk County Dept. of*

*Social Servs.,* — US —, 113 S Ct 217), and the potential threat of future abuse and neglect *(see, Matter of Valerie Leonice T., supra).* We find that the hearing court's determination to release the children to the mother failed to sufficiently account for the best interests of the children *(see, e.g., Matter of Nichole B.,* 175 AD2d 205).

At the hearing, the Law Guardian recommended that the children remain in the custody of Commissioner, relying on the testimony and reports of Dr. Cathrina Piccione, a Mental Health Services psychologist who evaluated the mother in April and September 1992. According to evidence provided by Dr. Piccione, the mother had a history of psychiatric hospitalizations and of noncompliance with medication and therapy regimes as an out-patient. The incident on January 21, 1992, was not an isolated occurrence, as the mother admitted in past therapy sessions that she had previously beaten Trudy and had imagined that she killed her. The mother told Dr. Piccione that she did not recall the details of the incident on January 21 but remembered seeing blood on the wall and floor. The mother said she left the room because she feared she might kill the child. Dr. Piccione testified that the mother was depressed and continued to exhibit psychotic symptoms, that she would not be able to handle the stress of parenting Trudy, and that she was at risk of having another psychotic break. In view of her history of noncompliance with therapy and medication, Dr. Piccione recommended that a return of the children should not be contemplated until she complied with therapy and medication for at least a year.

The evidence presented by the Law Guardian regarding the mother's psychiatric condition was uncontradicted. Although the mother attended individual therapy sessions and had joint therapy sessions with Trudy, neither therapist testified at the hearing. Rather, a caseworker testified with respect to his conversations with the mother's therapist in which the therapist indicated that the mother was cooperative and had a positive relationship with Trudy. According to the caseworker, the therapist recommended release of the children to the mother, provided that the mother continued to take her medication.

During her testimony at the hearing, the mother admitted that she had not taken her medication regularly in October 1992 and that she was not totally forthcoming in her therapy sessions. This was consistent with Dr. Piccione's observations that the mother failed to comply with a medication regimen for more than a short period of time and that she was

unwilling to reveal any aberrant thoughts to her therapist. We note that the mother had not had any unsupervised visits with the children since they were removed from her custody.

The Family Court, in its decision to return the children to the mother, placed undue emphasis on the hearsay testimony of the caseworker regarding the mother's recent progress in therapy. In view of the evidence adduced at the hearing, and Dr. Piccione's recommendation, we conclude that it would not be in the children's best interest to return them to the mother's custody at this time. Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.