■ In the Matter of DAZAHNAE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DIJORE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK S., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DAZAH S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK S., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DYNASTY S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DEREK S., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of DESTINY B.

Administration for Children's Services, Respondent; Derek S., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of Desiree S. Administration for Children's Services, Respondent; Derek S., Appellant, et al., Respondent. (Proceeding No. 6.) In the Matter of Dominque B. Administration for Children's Services, Respondent; Derek S., Appellant, et al., Respondent. (Proceeding No. 7.) In the Matter of Shameek S. Administration for Children's Services, Respondent; Derek S., Appellant, et al., Respondent. (Proceeding No. 8.) [2 NYS3d 903]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated September 10, 2013. The order, insofar as appealed from, after fact-finding and dispositional hearings, directed the father to undergo a mental health evaluation.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

At a dispositional hearing in a neglect proceeding pursuant to Family Court Act article 10, "[t]he paramount concern . . . is the best interests of the child[ren]" (*Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 603 [1993]; *see Matter of Phillips N. [Joy N.]*, 104 AD3d 690, 691 [2013]). The factors to be considered in making the determination include the parent's "capacity to properly supervise the child[ren], based on current information" and "the potential threat of future . . . neglect" (*Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d at 603; *see Matter of Eric Z. [Guang Z.]*, 100 AD3d 646, 648 [2012]). Here, it was in the children's best interests for the Family Court to direct the father to undergo a mental health evaluation (*see Matter of Salvatore M. [Nicole M.]*, 104 AD3d 769, 770 [2013]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 805 [2011]).

The father's remaining contention is unpreserved for appellate review and, in any event, without merit. Leventhal, J.P., Hall, Austin and Maltese, JJ., concur.