■ In the Matter of JEFFREY P. ROGAN, Appellant, v TONI M. GUIDA, Respondent. [39 NYS3d 55]—

Appeal by the father from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated August 7, 2015. The order (1) granted the mother's motion to dismiss the father's petition to vacate or modify an order of that court (David Klein, J.), dated March 29, 2013, entered upon consent, which, inter alia, precluded any future contact between the father and the subject child "except as recommended by the child's therapist," (2) denied the father's cross motion, inter alia, for a custody hearing and visitation with the subject child, and (3) denied the father's application, inter alia, for temporary custody of the subject child.

Ordered that the order dated August 7, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the mother's motion which was to dismiss that branch of the father's petition which was to vacate the decretal paragraph of the order dated March 29, 2013, directing "that there shall be no contact between the father and the child except as recommended by the child's therapist," and substituting therefor (1) a provision denying that branch of the mother's motion and (2) a provision granting that branch of the father's petition; as so modified, the order dated August 7, 2015, is affirmed, without costs or disbursements, and the order dated March 29, 2013, is modified accordingly; and it is further,

Ordered that the matter is remitted to the Family Court, Westchester County, to determine how, when, and under what terms and conditions visitation between the father and the subject child pursuant to the order dated March 29, 2013, will resume, such determination to be made only after receiving written submissions from the parties and the attorney for the child and after a hearing, unless the parties, together with the attorney for the child, within 45 days after the date of this decision and order, agree upon a detailed plan to reintroduce the subject child to the father and submit such plan for the approval of the Family Court, Westchester County, to be entered upon consent as a modification of the order dated March 29, 2013.

The parties separated in March 2011, and in March 2012,

the father filed a petition for visitation with the parties' child, who is currently living with the mother. The Family Court ordered a forensic evaluation of the parties, which was completed on August 29, 2012. A hearing on the father's petition was scheduled to begin on March 29, 2013. On that date, however, the parties consented to the entry of an order directing, in relevant part, "that the father shall participate with the child's therapy as recommended by the child's therapist"; "that the father's therapist and the child's therapist may communicate with each other"; and "that there shall be no contact between the father and the child except as recommended by the child's therapist."

On or about August 15, 2014, the father petitioned the Family Court to vacate or modify the order dated March 29, 2013, alleging that it was unenforceable as drafted, and that a change in circumstances warranting a modification of the order had occurred. The mother moved to dismiss the father's petition. The father cross-moved, inter alia, for a custody hearing and for visitation with the subject child, and made a separate application for, among other things, temporary custody of the child. The Family Court granted the mother's motion and dismissed the father's petition, and denied the father's cross motion and application. The father appeals.

Modification of an existing order of visitation is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see Matter of McNelis v Carrington*, 105 AD3d 848, 849 [2013]). A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Castagnini v Hyman-Hunt*, 123 AD3d 926 [2014]; *Matter of Jackson v Gangi*, 277 AD2d 383 [2000]). Here, the father's factual assertions in support of an alleged change in circumstances were unsubstantiated and conclusory. Accordingly, he failed to make the requisite showing (*see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1148-1149 [2010]).

There is merit, however, to the father's legal argument that the order dated March 29, 2013, as drafted, improperly delegated to the subject child's therapist sole authority to determine whether the father would be permitted to have any future contact with the subject child (*see Matter of Balgley v Cohen*, 73 AD3d 1038, 1038 [2010]; *Zafran v Zafran*, 28 AD3d 753, 757-758 [2006]; *Matter of Millett v Millett*, 270 AD2d 520, 522 [2000]; *Matter of Gadomski v Gadomski*, 256 AD2d 675,

677 [1998]). Therefore, the Family Court should have denied that branch of the mother's motion which was to dismiss so much of the father's petition as sought to vacate the decretal paragraph of the order dated March 29, 2013, which directed "that there shall be no contact between the father and the child except as recommended by the child's therapist," and granted that branch of the father's petition (see *Matter of Balgley v Cohen*, 73 AD3d at 1038).

Since the entry of the order dated March 29, 2013, the father has had no visitation with the subject child. This situation cannot be allowed to continue indefinitely, and it is for the Family Court—not the child's therapist—to exercise its own discretion to determine how, when, and under what terms and conditions the father's visitation with the subject child, pursuant to the order dated March 29, 2013, is to resume (see *Zafran v Zafran*, 28 AD3d at 758). Therefore, unless the parties, together with the attorney for the child, within 45 days of the date of this decision and order, agree on the terms of a detailed plan to reintroduce the subject child to the father, which plan would then be submitted for the approval of the Family Court, Westchester County, and entered as a modification of the order dated March 29, 2013, we direct the Family Court, Westchester County, to make such determination, after receiving written submissions from the parties and the attorney for the child and after a hearing. The court may also, as it deems appropriate, solicit input from the child's therapist or other mental health professionals to assist it in determining the best interests of the child (*Matter of Ni-Na C. [Xiao Q.C.]*, 134 AD3d 702, 702 [2015]).

The father's remaining contentions regarding the denial of his cross-motion, inter alia, for a custody hearing and visitation, and the denial of his application, among other things, for temporary custody of the subject child, either are not properly before this Court or are without merit. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.