Matter of Jaheem M. (Cymon M.) (2019 NY Slip Op 05535)





Matter of Jaheem M. (Cymon M.)


2019 NY Slip Op 05535


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12378
 (Docket No. N-03803-17)

[*1]In the Matter of Jaheem M. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Cymon M. (Anonymous), appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
James Fedorchak, County Attorney, Poughkeepsie, NY (Susan L. Flynn of counsel), for respondent.
Karen C. Palumbo, Beacon, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 20, 2018. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated February 21, 2018, and after a dispositional hearing, directed the father to undergo a mental health evaluation.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by failing to provide stable housing for the child and engaging in educational neglect of the child. After fact-finding and dispositional hearings, the Family Court found that the father neglected the child and, inter alia, directed that the father undergo a mental health evaluation. The father appeals. The issues raised by the father on his appeal from the order of fact-finding (see Matter of Jaheem M., ___ AD3d ___ [Appellate Division Docket No. 2018-02614; decided herewith]), are brought up for review and have been considered on his appeal from the order of disposition.
As relevant here, a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, shelter or education . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012[f][i][A]). The petitioner must establish neglect based on a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Nicole V., 71 NY2d 112, 117).
Here, contrary to the father's contentions, the petitioner established, by a preponderance of the evidence, that the father neglected the child by failing to provide the child with adequate shelter although the petitioner offered the father financial support and other reasonable means to do so. The evidence demonstrated that the petitioner made extensive efforts to assist the father through offering financial and counseling support so that he could find suitable housing for himself and the child, that the father failed to conduct his own apartment searches and unreasonably rejected housing options provided by the agency, and that the father entirely relied upon foster care to provide housing for the child (see Matter of Clayton OO. [Nikki PP.], 101 AD3d 1411, 1412). The father's failure to provide adequate shelter, by itself, is sufficient to support the finding of neglect (see Matter of Alexander L. [Andrea L.], 99 AD3d 599, 599; Matter of Tia B., 257 AD2d 366).
"The paramount concern in a dispositional hearing is the best interests of the child" (Matter of Phillips N. [Joy N.], 104 AD3d 690, 691 [internal quotation marks omitted]; see Matter of Star Leslie W., 63 NY2d 136, 147-148). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774 [internal quotation marks omitted]; see Matter of Phillips N. [Joy N.], 104 AD3d at 691). Here, the order of disposition, which required the father to undergo a mental health evaluation, was in the child's best interests (see Matter of Dazahnae S. [Derek S.], 126 AD3d 802, 803; Matter of Salvatore M. [Nicole M.], 104 AD3d 769, 770).
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court