Matter of Altana D. (Ezena L.) (2019 NY Slip Op 07064)





Matter of Altana D. (Ezena L.)


2019 NY Slip Op 07064


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-06618
 (Docket Nos. N-10811-17, N-10814-17)

[*1]In the Matter of Altana D. (Anonymous). Suffolk County Department of Social Services, respondent; Ezena L. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Michel L. O. (Anonymous). Suffolk County Department of Social Services, respondent; Ezena L. (Anonymous), appellant. (Proceeding No. 2)


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for respondent.
Laura C. Golightly, Hauppauge, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Theresa Whelan, J.), dated May 8, 2018. The order of fact-finding and disposition, upon a decision of the same court dated April 18, 2018, made after a fact-finding hearing, and after a dispositional hearing, found that the mother neglected the subject children and directed, inter alia, that the mother undergo a mental health evaluation.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that the mother neglected the child Michel L. O. by failing to provide adequate guardianship and supervision to him. The petitioner further alleged that the mother neglected the child Altana D. by failing to provide medical and dental care and to address excessive school absences. After a fact-finding hearing, the Family Court found that the mother neglected the children as alleged in the petitions. After a dispositional hearing, the court, inter alia, denied the mother's request for a suspended judgment and directed that the mother undergo a mental health evaluation. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by a preponderance of evidence'" (Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, [*2]1056, quoting Family Ct Act § 1046[b][i]; see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178; Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759). The Family Court's credibility determinations are entitled to deference on appeal unless clearly unsupported by the record (see Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056).
Here, contrary to the mother's contention, the Family Court's finding that she neglected the children is supported by a preponderance of the evidence (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357; Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123; Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of Zakrya M., 18 AD3d 754, 755).
There is no basis to disturb the Family Court's determination that it would not be in the children's best interests to enter a suspended judgment (see Matter of Tamara D. [Randolph P.], 120 AD3d 813). Further, the court providently exercised its discretion in directing the mother to undergo a mental health evaluation, as a parent's capacity to properly supervise the children is a concern in determining the best interests of the children (see Matter of Jaheem M. [Cymon M.], 174 AD3d 610; Matter of Dazahnae S. [Derek S.], 126 AD3d 802, 803).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court