Matter of Suarez v Suarez (2019 NY Slip Op 07263)





Matter of Suarez v Suarez


2019 NY Slip Op 07263


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-11615
 (Docket Nos. V-5235-17/17A, V-5236-17/17B)

[*1]In the Matter of Glen A. Suarez, respondent,
v
Paula Suarez, etc., appellant.


Heilig, Branigan, Miller & Castrovinci, Holbrook, NY (Michael J. Miller of counsel), for appellant.
Glen A. Suarez, P.C., Huntington, NY, for respondent.
Laurette D. Mulry, Riverhead, NY (Howard Gardos and John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated October 2, 2018. The order, insofar as appealed from, upon an order of that court dated July 16, 2018, made after a hearing, granted those branches of the father's petition which were, in effect, to modify the parties' judgment of divorce so as to award him temporary legal and physical custody of the two subject children, to direct the children to participate along with the father in a certain intervention program conducted by a certain social worker, to prohibit the mother from having any contact with the children until 90 days after that program commenced, and to direct the mother to sign any necessary releases and authorization for that program. By decision and order on motion dated November 14, 2018, this Court, inter alia, stayed enforcement of the order dated October 2, 2018, and further determination by the Family Court on the issue of custody, pending hearing and determination of this appeal.
ORDERED that the order dated October 2, 2018, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and those branches of the father's petition which were, in effect, to modify the parties' judgment of divorce so as to award him temporary legal and physical custody of the two subject children, to direct the children to participate along with the father in a certain therapy program conducted by a certain social worker, to prohibit the mother from having any contact with the children until 90 days after that program commenced, and to direct the mother to sign any necessary releases and authorization for that program, are denied.
The parties were married and have two children together. The parties entered into a separation agreement that, inter alia, provided that the parties would have joint legal custody of the children, with residential custody to the mother. That separation agreement was incorporated but not merged into the parties' judgment of divorce.
The father filed a petition seeking, among other things, in effect, to modify the [*2]parties' judgment of divorce so as to award him temporary legal and physical custody of the children, to direct the children to participate along with the father in a certain therapy program conducted by social worker Linda J. Gottlieb, to prohibit the mother from having any contact with the children until 90 days after that program commenced, and to direct the mother to sign any necessary releases and authorization for that program. At the hearing held on the father's petition, the evidence presented included testimony of psychologist Lynne Seskin and of Gottlieb.
In an order dated July 16, 2018, the Family Court concluded that there had been a change of circumstances warranting modification of the custody arrangement. The court determined that the father had not had contact with his children since December 2016, despite his considerable efforts to have contact with them, and that the children had been alienated from the father. The court further determined, in effect, that it was in the best interests of the children that the father's petition be granted to the extent that Gottlieb perform "an assessment to determine what reunification efforts and/or program is necessary to reunify the father with the children," and thereafter the court would issue a further order in accordance with the report and the best interests of the children. Thereafter, Gottlieb provided a report to the court.
In an order dated October 2, 2018, the Family Court, among other things, granted those branches of the father's petition which were, in effect, to modify the parties' judgment of divorce so as to award him temporary legal and physical custody of the children, to direct the children to participate along with the father in Gottlieb's "Turning Points for Families" program, to prohibit the mother from having any contact with the children until 90 days after that program commenced, and to direct the mother to sign any necessary releases and authorization for that program. By decision and order on motion, this Court, inter alia, granted the mother's motion, among other things, for leave to appeal from the order dated October 2, 2018, and stayed enforcement of that order and further determination by the Family Court on the issue of custody, pending hearing and determination of this appeal.
Modification of an existing court-sanctioned custody or parental access arrangement is permissible only on a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the children (see Matter of Dupont v Gaston, 173 AD3d 738, 739; Weisberger v Weisberger, 154 AD3d 41, 50). The best interests of the children must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172).
"[T]his Court's authority in custody and [parental access] matters is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of a Trial Judge, we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (Weisberger v Weisberger, 154 AD3d at 51 [internal quotation marks omitted]).
Here, the Family Court's determination lacks a sound and substantial basis in the record (see Matter of Dupont v Gaston, 173 AD3d at 740; Weisberger v Weisberger, 154 AD3d at 52). Although Seskin testified that the children were alienated from their father, she did not conduct a forensic evaluation, she acknowledged having continued to provide therapy to the father, relating to his situation with the children, after she terminated the court-ordered family therapy sessions, and she did not indicate that Gottlieb's program was necessary. Additionally, the court should not have considered Gottlieb's report. The parties were not given the opportunity to review the report or cross-examine Gottlieb on it (see Kesseler v Kesseler, 10 NY2d 445; see generally S.L. v J.R., 27 NY3d 558, 564), and, as the October 2, 2018, order does not reflect that the court independently analyzed whether Gottlieb's recommendations were in the best interests of the children, the court should not have delegated to Gottlieb its decision-making authority (see Matter of Rogan v Guida, 143 AD3d 830, 831).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court