Matter of Valentin v Valentin (2020 NY Slip Op 05906)





Matter of Valentin v Valentin


2020 NY Slip Op 05906


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04539
2019-04540
2019-04542
2019-07089
 (Docket Nos. V-5706-13/18R, V-5706-13/19S, V-5706-13/19T, V-5706-13/19U, V-5706-13/19V, V-9111-13/18R, V-9111-13/19S, V-9111-13/19T, V-9111-13/19U, V-9111-13/19V)

[*1]In the Matter of Virzhiniya Toneva Valentin, appellant, 
v
Luis M. Valentin, respondent.


Lewis S. Calderon, Jamaica, NY, for appellant.
Michael E. Lipson, Jericho, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from four orders of the Family Court, Kings County (Judith D. Waksberg, J.), one dated March 26, 2019, two dated April 23, 2019, and one dated May 20, 2019. The order dated March 26, 2019, insofar as appealed from, after a hearing, dismissed the mother's petition to modify an order of the same court dated March 28, 2018, so as to award her sole legal and physical custody of the parties' child and directed that the mother was free to arrange for parental access with the father. The first order dated April 23, 2019, dismissed the mother's petition to modify the order dated March 28, 2018, so as to award her sole legal and physical custody of the parties' child and directed that the mother was not permitted to file any further petitions without court permission. The second order dated April 23, 2019, insofar as appealed from, in effect, granted the mother's petition alleging that the father violated the order dated March 28, 2018, only to the extent of permitting the mother to call the parties' child on his cell phone. The order dated May 20, 2019, dismissed the mother's petitions alleging that the father violated the second order dated April 23, 2019, and to modify an order of the same court dated May 9, 2017.
ORDERED that the order dated March 26, 2019, is modified, on the law, by deleting the provision thereof directing that the mother was free to arrange for parental access with the father; as so modified, the order dated March 26, 2019, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, to set an appropriate schedule of supervised and/or therapeutic parental access between the mother and the parties' child and a phone access schedule; and it is further,
ORDERED that the first order dated April 23, 2019, and the order dated May 20, [*2]2019, are affirmed, without costs or disbursements; and it is further,
ORDERED that the second order dated April 23, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2007 and are the parents of a child born in 2009. In 2013, the parties each filed a petition seeking custody of the child. After a hearing, in an order dated March 28, 2018, the Family Court awarded the father sole legal and physical custody of the child. In August 2018, the mother filed a petition to modify the order dated March 28, 2018, so as to award her sole legal and physical custody of the child. After a hearing, the court dismissed the mother's modification petition and directed that the mother was free to arrange for parental access with the father. Thereafter, the mother filed two additional modification petitions seeking sole legal and physical custody of the child and two petitions alleging that the father violated certain court orders. The court, inter alia, dismissed the modification petitions, permitted the mother to call the child on his cell phone, and directed that the mother was not permitted to file any further petitions without court permission. The mother appeals.
An existing order of custody or parental access may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the child (Family Ct Act § 467[b][ii]; see Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1062). The determination of appropriate custody and parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Orellana v Orellana, 112 AD3d 720).
Here, the mother failed to make a showing that there had been a change in circumstances such that modification of the order dated March 28, 2018, was necessary to ensure the child's best interests. However, the Family Court should not have delegated the mother's parental access schedule to the father (see Matter of Mondschein v Mondschein, 175 AD3d 686, 687; Matter of Goldfarb v Szabo, 130 AD3d 728, 729). Accordingly, the court should not have directed that "[t]he mother is free to arrange for [parental access] with the custodial father who has credibly testified that he is willing to arrange appropriate parenting access to the mother with the child." We therefore remit the matter to the Family Court, Kings County, to set an appropriate schedule of supervised and/or therapeutic parental access between the mother and the child and a telephone access schedule.
Based upon our review of the record, the Family Court conducted a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel and her election to represent herself was knowingly, voluntarily, and intelligently made (see People v Providence, 2 NY3d 579, 583).
Contrary to the mother's contention, the Family Court providently exercised its discretion in barring her from making future custody or parental access applications without leave of court (see Matter of Pignataro v Davis, 8 AD3d 487, 489).
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court