Matter of Clezidor v Lexune (2021 NY Slip Op 01409)





Matter of Clezidor v Lexune


2021 NY Slip Op 01409


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-12160
 (Docket Nos. V-15477-09/16A, V-18660-09/16A, G-32280-17)

[*1]In the Matter of Maranatha Clezidor, appellant,
v
Rolanso Lexune, respondent. (Proceeding No. 1.)
Marie L. (Anonymous), petitioner-respondent,
v
Maranatha C. (Anonymous), appellant, Rolanso L. (Anonymous), respondent-respondent. (Proceeding No. 2.)


Jeffrey C. Bluth, New York, NY, for appellant.
Richard L. Herzfeld, P.C., New York, NY, for petitioner-respondent.
Charles Lawson, Brooklyn, NY, for respondent and respondent-respondent.
Joel Borenstein, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated September 30, 2019. The order, insofar as appealed from, after a hearing, in effect, awarded the mother parental access with the subject child only "as often as both [the child] and [the mother] agree."
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
Maranatha Clezidor (hereinafter the mother) and Rolanso Lexune (hereinafter the father) have one child in common, who was born in March 2007. Following the parties' separation, the child lived with the father and Marie Lexune (hereinafter the stepmother). In May 2010, the Family Court awarded sole custody of the child to the father, with parental access to the mother.
In October 2016, the mother filed a petition to modify the prior custody order so as to award her sole custody of the child, alleging that the father had been arrested for the murder of an ex-girlfriend. Further, in December 2016, the mother moved for parental access with the child. In a supporting affidavit, the mother averred that she had to separate from the father because "he became violent with [her]" and threatened to kill her. The mother indicated that from 2010 to 2012, she had regular visits with the child, but in 2012, the father prevented her from having any further parental access with the child. The mother added that following the father's arrest for murder, she [*2]learned that the child was "refusing to visit with [her]," which she believed was due to the stepmother's influence. In June 2018, upon the father's conviction, he received a sentence of imprisonment.
At a hearing on the mother's motion for parental access, the mother testified that she stopped having visits with the child after her fiancé and the father had a "fight," after which the father refused to answer her calls. The mother indicated that she had only seen the child a couple times since that occasion, during a court proceeding and a chance encounter in the street. Also at the hearing, the father stated that he was opposed to the mother having any parental access with the child. Following the hearing, the Family Court, inter alia, deferred a determination on the mother's motion for parental access until the resolution of a pending neglect proceeding against the father, which was subsequently withdrawn.
In the interim, in November 2017, the stepmother filed a petition for guardianship of the child, alleging that the father was incarcerated and the mother had "not been in [the] child's life."
In an order dated February 15, 2019, the Family Court denied the mother's motion for parental access based upon representations made during a proceeding on that date that the mother had been engaging in "substantial contact" with the child. Specifically, at the proceeding on February 15, 2019, the mother stated that she saw the child in the yard of his school starting in March 2018. Also during that proceeding, the stepmother's counsel stated that the stepmother was "willing to allow . . . some contact" between the mother and the child.
Thereafter, at a hearing on the mother's custody petition and the stepmother's guardianship petition, the stepmother testified, inter alia, that she permitted the child to call the mother whenever he wanted to speak to her. The stepmother indicated that she was currently married to the father. The mother testified that she had not been able to see the child during the summer of 2018 when school was not in session, or to see him since January 2019 because her work schedule had changed. Also during the hearing, the father's counsel represented that the father's position remained that the mother should not have any parental access with the child.
In an order dated September 30, 2019, the Family Court, inter alia, granted the stepmother's guardianship petition and awarded the mother parental access with the child only "as often as both [the child] and [the mother] agree." The court found that "it is in the best interest of [the child] to allow contact by telephone or other electronic means, as well as [parental access], as often as both [the child] and [the mother] agree," and that the stepmother "will continue to allow[ ] telephone contact between [the child] and [the mother]." The mother appeals.
"A court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687). "While a child's views are to be considered in determining custody or parental access, they are not determinative" (id. at 687). Moreover, "[a]n access provision which is conditioned on the desires of [a] child[ ] tends to defeat the right of parental access" (id.; see William-Torand v Torand, 73 AD3d 605, 606).
Here, the order appealed from directed that the mother was only entitled to parental access with the child as often as she and the child agree. That provision effectively conditions the mother's parental access on the child's wishes and leaves the determination as to whether there should be any parental access at all to the child. Moreover, the Family Court's directive as to parental access creates the potential for influence upon the child, since the stepmother, with whom he lives, is married to the father, who is opposed to the mother having any parental access with the child. Thus, the court's directive as to parental access must be set aside (see Matter of Acosta v Melendez, 179 AD3d 912, 914; Matter of Mondschein v Mondschein, 175 AD3d at 688). Accordingly, we remit the matter to the Family Court, Kings County, to set forth, with all convenient speed, an appropriate schedule for the mother's parental access in accordance with the best interests of the child (see Matter of Shah v Shah, 186 AD3d 1692, 1694).
The mother's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court