Matter of Tereza R. (Jose A.) (2021 NY Slip Op 06358)





Matter of Tereza R. (Jose A.)


2021 NY Slip Op 06358


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2021-01206
 (Docket No. NA-15353-18)

[*1]In the Matter of Tereza R. (Anonymous). Administration for Children's Services, respondent; Jose A. (Anonymous), appellant.


Lewis S. Calderon, Jamaica, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jesse A. Townsend of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated January 29, 2021. The order of fact-finding and disposition, insofar as appealed from, upon granting that branch of the petitioner's motion which was, in effect, for summary judgment on the issue of whether the father neglected the subject child, found that the father neglected the child, and after a dispositional hearing, inter alia, directed the father to engage in a sex offender program.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On June 13, 2018, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that "on or about the summer of 2017 'before [the subject child's] birthday'[which is August 7]," the father abused and neglected the child. On the same date that this proceeding was commenced, a criminal complaint was filed against the father wherein it was alleged that "on or about and between" July 5, 2017, and August 6, 2017, the father committed, among other things, the offenses of criminal sexual act, sexual abuse, and endangering the welfare of a child. Subsequently, he was indicted on charges of criminal sexual act in the first degree, incest in the first degree, two counts of sexual abuse in the first degree, sexual misconduct, two counts of sexual abuse in the second degree, and endangering the welfare of a child, with each count of the indictment identifying the subject child as the alleged victim. It was alleged in the indictment that the offenses were committed "on or about and between April 19, 2017 and June 27, 2017." The underlying acts alleged to have been committed by the father as set forth in the criminal complaint and the indictment were the same acts as alleged in the Family Court Act article 10 petition. The father pleaded guilty to endangering the welfare of a child in full satisfaction of the indictment. As part of his plea agreement, the father admitted that "on or about between April 19, 2017, and June 27, 2017," he knowingly acted "in a manner likely to be injurious to the physical, mental or moral welfare of a child less than 17 years [*2]old," namely, the subject child.
Based upon the father's conviction, ACS moved for summary judgment on the petition. The Family Court denied that branch of its motion which was for summary judgment on the issue of whether the father abused the child and conditionally granted that branch of the motion which was, in effect, for summary judgment on the issue of whether the father neglected the child, provided ACS, at a hearing, established that the father was a parent or a person legally responsible for the child. After the hearing, the court found that the father was the parent of the child and made a finding of neglect, based on its prior determination that the father neglected the child.
"A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (Matter of Lea C. [Akil F.], 160 AD3d 724, 726; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183). The father's conviction for endangering the welfare of a child was based upon the same acts alleged to constitute neglect. The father failed to raise a triable issue of fact as to the identity of the issues in the criminal proceeding and the Family Court proceedings, or as to his opportunity to fully litigate the issues in the criminal proceeding (see Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to the father's contention, the slight discrepancy between the date range of the incidents alleged in the Family Court Act article 10 petition, and the date range of the incidents to which the father pleaded guilty, did not raise a triable issue of fact as to whether the same incidents were involved in both proceedings (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d at 182). Accordingly, the Family Court properly granted that branch of ACS's motion which was, in effect, for summary judgment on the issue of whether the father neglected the child.
The father's contention that it was an improvident exercise of discretion to require him to engage in a sex offender program because no finding of sexual abuse was entered against him is without merit. "The paramount concern in a dispositional hearing is the best interests of the child" (Matter of Commissioner of Social Servs. of City of N.Y. v Leona W., 192 AD2d 602, 603). "The factors to be considered in making the determination include the parent or caretaker's 'capacity to properly supervise the child, based on current information' and 'the potential threat of future abuse and neglect'" (Matter of Lemar H., 23 AD3d 383, 384, quoting Matter of Commissioner of Social Servs. of City of N.Y. v Leona W., 192 AD2d at 603-604). Under the circumstances of this case, where the finding of neglect was based on the father's plea of guilty to endangering the welfare of a child wherein the underlying allegations were of sexual abuse, the Family Court providently exercised its discretion in requiring the father to engage in a sex offender program (see Matter of Sean K., 50 AD3d 1220, 1222).
The father's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court