Matter of Lopez v Neira (2025 NY Slip Op 02345)

Matter of Lopez v Neira

2025 NY Slip Op 02345

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-01811
 (Docket Nos. V-3335-21, V-3336-21)

[*1]In the Matter of Ligia Avila Lopez, respondent,
v
Karmichael Neira, appellant.

Geanine Towers, Brooklyn, NY, for appellant.
Helene Bernstein, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated February 23, 2024. The order, insofar as appealed from, after a hearing, granted the mother's petitions for sole legal custody of the parties' children and awarded the father parental access to the extent of directing (1) that the father was required to receive individual counseling for four months, during which time he was permitted to write letters to the children under certain conditions, (2) that the father could thereafter engage in a course of family therapy with the children "provided the children's therapist do[es] not indicate it is detrimental to the children's psychological well-being," and (3) that upon commencing family therapy, the father "shall be permitted to request of the mother . . . that the visits be expanded to allow for therapeutically supervised and/or resource supervised visits."
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof directing the father to engage in a course of family therapy with the children "provided the children's therapist do[es] not indicate it is detrimental to the children's psychological well-being," and (2) by deleting the provision thereof directing that upon commencing family therapy, the father "shall be permitted to request of the mother . . . that the visits be expanded to allow for therapeutically supervised and/or resource supervised visits"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, to set forth a schedule for the father's supervised parental access.
The parties are the married parents of two children, born in 2010 and 2017. After an incident in 2020, in which the father assaulted the mother and injured one of the children, the father moved out of the family home. In April 2021, the mother commenced these proceedings seeking sole legal custody of the children. In 2023, the Family Court held a fact-finding hearing. In an order dated February 23, 2024, the court, inter alia, awarded the mother sole legal custody of the children and awarded the father parental access to the extent of directing (1) that the father was required to receive individual counseling for four months, during which time he was permitted to write letters to the children under certain conditions, (2) that the father could thereafter engage in a course of family therapy with the children "provided the children's therapist do[es] not indicate it is [*2]detrimental to the children's psychological well-being," and (3) that upon commencing family therapy, the father "shall be permitted to request of the mother . . . that the visits be expanded to allow for therapeutically supervised and/or resource supervised visits." The father appeals.
"In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Upia-Parham v Parham, 222 AD3d 988, 988 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well[-]being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Haase v Jones, 230 AD3d 774, 777 [internal quotation marks omitted]; see Matter of Brisard v Brisard, 211 AD3d 838, 838). "'Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the [hearing] court'" (Matter of Buskey v Alexis, 226 AD3d 770, 771, quoting Goudreau v Corvi, 197 AD3d 463, 464). "A custody determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Goudreau v Corvi, 197 AD3d at 464; see Matter of Williamson v Williamson, 182 AD3d 604, 605).
Contrary to the father's contention, the Family Court properly declined to award the parties joint legal custody of the children. "'Joint custody is encouraged as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion. However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child'" (Matter of Haase v Jones, 230 AD3d at 777, quoting Matter of Martinez v Gaddy, 223 AD3d 816, 818; see Braiman v Braiman, 44 NY2d 584, 589-590). Here, "'[s]ince the record establishes that the nature of the parties' relationship effectively precluded joint decision-making, there is no basis to disturb the court's determination that joint custody was inappropriate'" (Matter of Cornielle v Rosado, 231 AD3d 824, 826, quoting Matter of Haase v Jones, 230 AD3d at 778). Further, the court's determination that an award of sole legal custody to the mother would serve the children's best interests has a sound and substantial basis in the record (see Matter of Upia-Parham v Parham, 222 AD3d at 989; Matter of Soto v Marrero, 214 AD3d 814, 815).
"'[A]bsent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access privileges'" (Matter of Kim v Becker, 223 AD3d 813, 815, quoting Matter of Yegnukian v Kogan, 179 AD3d 1082, 1083). "The determination of parental access is within the sound discretion of the [Family] [C]ourt based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Jackson v Hall, 234 AD3d 967, 968 [alteration and internal quotation marks omitted]; see Matter of Justice F. [Jessica V.], 192 AD3d 1025, 1027). Further, "[a] court deciding a custody proceeding may properly direct a party to submit to counseling or treatment as a component of a [parental access] or custody order" (Matter of Mazo v Volpert, 223 AD3d 907, 909 [internal quotation marks omitted]; see Matter of Buskey v Alexis, 226 AD3d at 772).
Here, contrary to the father's contention, the Family Court properly directed the father to complete a four-month course of individual counseling as a component of his parental access, during which time the father could write letters to the children (see Matter of Nathaniel v Mauvais, 234 AD3d 766, 769; Matter of Buskey v Alexis, 226 AD3d at 772). However, the court erred by delegating to the children's therapist the authority to determine the father's access to family therapy with the children following his course of counseling (see Matter of Rogan v Guida, 143 AD3d 830, 831; Matter of Balgley v Cohen, 73 AD3d 1038, 1038). Likewise, the court incorrectly delegated to the mother the authority to determine the father's parental access when it directed that, upon commencing family therapy, the father "shall be permitted to request of the mother . . . that the visits be expanded to allow for therapeutically supervised and/or resource supervised visits" (see Matter of Cornielle v Rosado, 231 AD3d at 827; Matter of Valentin v Valentin, 187 AD3d 1024, 1026). Accordingly, we modify the order and remit the matter to the Family Court, Queens County, to set [*3]forth an appropriate schedule for the father's supervised parental access, following his initial course of individual counseling, in accordance with the best interests of the children (see Matter of Clezidor v Lexune, 192 AD3d 792, 794-795; Matter of Valentin v Valentin, 187 AD3d at 1026).
The father's remaining contention is improperly raised for the first time on appeal (see Matter of Buskey v Alexis, 226 AD3d at 772; Matter of Dubouse v Narita, 214 AD3d 798, 800).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court