Matter of Leva v Sokol (2025 NY Slip Op 04009)

Matter of Leva v Sokol

2025 NY Slip Op 04009

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-10022
 (Docket No. V-327-23/24B)

[*1]In the Matter of Andrea M. Leva, respondent, 
v
Barry R. Sokol, appellant.

The Pappalardo Law Group PLLC, White Plains, NY (John A. Pappalardo and Judith E. Murphy of counsel), for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 4, 2024. The order, in effect, denied the father's motion, inter alia, to modify an order of the same court dated April 28, 2023, so as to award him weekly parental access or supervised therapeutic parental access with the parties' child and, in effect, to vacate so much of the order dated April 28, 2023, as awarded him supervised therapeutic parental access with the parties' child "as the parties and the child can agree."
ORDERED that the order dated September 4, 2024, is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the father's motion which was, in effect, to vacate so much of the order dated April 28, 2023, as awarded him supervised therapeutic parental access with the parties' child "as the parties and the child can agree," and substituting therefor a provision granting that branch of the motion; as so modified, the order dated September 4, 2024, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.
The parties are the parents of a child born in 2009. In an order dated April 28, 2023 (hereinafter the April 2023 order), made on consent of the parties, the Family Court awarded the mother sole legal and physical custody of the child and awarded the father supervised therapeutic parental access with the child "as the parties and the child can agree." In June 2024, the father moved, inter alia, to modify the April 2023 order so as to award him weekly parental access or supervised therapeutic parental access with the child and, in effect, to vacate so much of the April 2023 order as awarded him supervised therapeutic parental access with the child "as the parties and the child can agree." The father asserted that no supervised therapeutic parental access had taken place since the April 2023 order was issued. In an order dated September 4, 2024, the court, in effect, denied the father's motion. The father appeals.
In order to modify an existing parental access arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best [*2]interests of the child (see Matter of Mendez v Limas, 160 AD3d 866, 867; Goldstein v Goldstein, 68 AD3d 717, 719-720). "The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Mendez v Limas, 160 AD3d at 867; see Martinez v Gaddy, 223 AD3d 816, 817). "The determination of appropriate custody and parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Valentin v Valentin, 187 AD3d 1024, 1025-1026; see Matter of Lopez v Neria, 237 AD3d 1097).
However, "a court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Cornielle v Rosado, 231 AD3d 824, 827 [alteration and internal quotation marks omitted]; see Matter of Jackson v Hall, 234 AD3d 967, 968). Nevertheless, "in circumstances where there is no disagreement between the parties regarding the parental access schedule and the parties are able to cooperate with regard to same, a court may award the noncustodial parent parental access with the child as agreed by the parties" (Matter of Cornielle v Rosado, 231 AD3d at 827 [alterations and internal quotation marks omitted]). "By contrast, where the record demonstrates animosity between the parties and an inability to cooperate, the best interests of the child generally require that the Family Court set forth a parental access schedule" (id. [alterations and internal quotation marks omitted]).
Here, the father failed to make a sufficient evidentiary showing that there had been a change in circumstances to warrant a hearing or modification of the April 2023 order. However, notwithstanding the father's consent to the April 2023 order (see Matter of Rogan v Guida, 143 AD3d 830), the Family Court erred in delegating the father's parental access schedule to the parties and the child by awarding the father supervised therapeutic parental access with the child "as the parties and the child can agree." The record demonstrates a tortured history between the parties, including, among other things, an order of protection issued against the father, animosity between the parties at the time the April 2023 order was issued, and the lack of any parental access since the April 2023 order was issued. Therefore, the court should have granted that branch of the father's motion which was, in effect, to vacate so much of the April 2023 order as awarded him supervised therapeutic parental access with the child "as the parties and the child can agree." Accordingly, we remit the matter to the Family Court, Dutchess County, for a determination, with all convenient speed, of the father's parental access in accordance with the best interests of the child (see Matter of Clezidor v Lexune, 192 AD3d 792, 794-795; Matter of Valentin v Valentin, 187 AD3d at 1026).
The father's remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court