Matter of Jayceon H. (Aniya M.)

2026 NY Slip Op 02405

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jayceon H. (Anonymous). Administration for Children's Services, respondent; Aniya M. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-04215, 2024-04282, (Docket No. N-25392-19)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Helene Chowes, New York, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Elizabeth I. Freedman of counsel), for respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated February 6, 2023, and (2) an order of disposition of the same court dated April 13, 2024. The order of fact-finding granted the petitioner's motion for summary judgment on the issues of whether the mother abused and neglected the subject child. The order of disposition, insofar as appealed from, upon the order of fact-finding, and after a dispositional hearing, directed the issuance of a final order of protection in favor of the subject child and against the mother directing the mother to stay away from the subject child and granted the petitioner discretion to determine the mother's therapeutic supervised parental access with the subject child.

ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof granting the petitioner discretion to determine the mother's therapeutic supervised parental access with the subject child; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a determination of whether the mother shall have therapeutic supervised parental access with the subject child, and, if so, to set forth a schedule for such parental access.

In September 2019, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother abused and neglected the subject child by shooting the father during a physical altercation in the child's presence. The mother was arrested and indicted for attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree. The mother was [*2]convicted, upon her plea of guilty, of each count of the indictment.

Based upon the mother's convictions, ACS moved for summary judgment on the issues of whether the mother abused and neglected the child. In an order of fact-finding dated February 6, 2023, the Family Court granted the motion.

After a dispositional hearing, in an order of disposition dated April 13, 2024, the Family Court, inter alia, directed the issuance of a final order of protection in favor of the child and against the mother directing the mother to stay away from the child and granted ACS discretion to determine the mother's therapeutic supervised parental access with the child. The mother appeals.

The Family Court properly granted ACS's motion for summary judgment on the issues of whether the mother abused and neglected the child. ACS met its prima facie burden of demonstrating that the doctrine of collateral estoppel is applicable (see Matter of Jadeliz M.Q. [Steven Q.], 209 AD3d 655, 656-657; Matter of Brittani A. [Soily A.-S.], 188 AD3d 876, 877-878). "A criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (Matter of Tereza R. [Jose A.], 199 AD3d 921, 922 [internal quotation marks omitted]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183). The counts in the indictment to which the mother pleaded guilty were based upon the same acts alleged in this proceeding. In opposition, the mother failed to raise a triable issue of fact as to whether the identical issues had been resolved in the criminal action or whether she had a full and fair opportunity to litigate the issues in the criminal action (see Zuckerman v City of New York, 49 NY2d 557, 563; Matter of Tereza R. [Jose A.], 199 AD3d at 922).

Eleven years ago, in a proceeding pursuant to Family Court Act article 10, this Court, in Matter of Victoria P. (Victor P.) (121 AD3d 1006, 1007), held that a determination of the Family Court to limit the father to supervised parental access with the subject children at the discretion of the petitioning agency had a sound and substantial basis in the record. This holding seemingly indicated that a court may delegate its authority to set parental access to an agency in a proceeding pursuant to Family Court Act article 10. However, since that appeal was decided, this Court has made clear, in numerous other appeals, that a court may not delegate its authority in such a way as to permit a determination of parental access to be made by either a therapist, a parent, or by the subject children (see Matter of Leva v Sokol, 240 AD3d 496, 498; Matter of Lopez v Neira, 237 AD3d 1097, 1099-1100; Matter of Cornielle v Rosado, 231 AD3d 824, 827; Matter of Clezidor v Lexune, 192 AD3d 792, 794; Matter of Acosta v Melendez, 179 AD3d 912, 914; Matter of Mondschein v Mondschein, 175 AD3d 686, 687-688). Considering the foregoing, and that "[t]he determination of visitation is entrusted to the court based upon the best interests of the children" (Matter of Juliane M., 23 AD3d 473, 473), to the extent that Matter of Victoria P. (Victor P.), stands for the proposition that a court in a proceeding pursuant to Family Court Act article 10 may delegate its authority to determine issues of parental access to an agency, that case should no longer be followed. Thus, here, the Family Court erred by delegating to ACS the authority to determine the mother's therapeutic supervised parental access with the child (see Matter of Lopez v Neira, 237 AD3d at 1099-1100; Matter of Clezidor v Lexune, 192 AD3d at 794; Matter of Acosta v Melendez, 179 AD3d at 914).

Accordingly, we modify the order of disposition and remit the matter to the Family Court, Kings County, for a determination of whether the mother shall have therapeutic supervised parental access with the child, and, if so, to set forth a schedule for such parental access (see Matter of Lopez v Neira, 237 AD3d at 1100).

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court