■ MAUREEN MAXFIELD, Respondent, v FORUM DINER et al., Appellants.—In an action to recover damages for personal injuries, the defendants, Forum Diner and Gold Palace Diner, Inc., appeal from a judgment of the Supreme Court, Queens County (Nahman, J.), entered March 16, 1990, which upon the concession of liability by the defendants, and a jury verdict on the issue of damages only, is in favor of the plaintiff and against them in the principal sum of $100,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after the service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $60,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

We do not agree with the defendants' contention that the verdict of the jury is against the weight of the evidence. Review of the trial transcripts reveals that the jurors, as they were entitled to do, resolved questions of credibility and conflicts in the testimony of the medical experts testifying on behalf of the defendants and the plaintiff on the issue of causation *(see, Felt v Olson,* 51 NY2d 977; *Ciccarella v Graf,*

116 AD2d 615). Under the circumstances we cannot say that the verdict of the jury did not represent a fair interpretation of the evidence presented *(see, Nicastro v Park,* 113 AD2d 129, 132-134).

Upon a review of the record we find that the award of damages was excessive to the extent indicated *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723).

Because the defendants failed to object to the now challenged testimony of the plaintiff's medical expert, any claim of error with respect to the admissibility of that testimony is not preserved for appellate review. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.