Matter of Williamson v Williamson (2020 NY Slip Op 02474)





Matter of Williamson v Williamson


2020 NY Slip Op 02474


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-04943
2019-04945
 (Docket Nos. V-427-18, V-428-18, V-1980-18, V-1981-18)

[*1]In the Matter of Jamin Williamson, respondent, 
v
Kelly Williamson, appellant. (Proceeding No. 1)
In the Matter of Kelly Williamson, appellant,
v
Jamin Williamson, respondent. (Proceeding No. 2)


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (Lauren Ludvigsen and Milana Tepermayster of counsel), for appellant.
Rutkin & Wolf, PLLC, White Plains, NY (Jason Wolf of counsel), for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Orange County (Christine P. Krahulik, J.), both dated April 4, 2019. The first order, upon a decision of the same court, also dated April 4, 2019, made after a hearing, awarded the father sole legal and physical custody of the parties' children, permitted him to relocate with the children to Kansas, and awarded parental access to the mother in Kansas. The second order, upon the same decision, dismissed the mother's petition for sole legal and physical custody of the children.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties, who were married in August 2011, are the parents of two daughters, born, respectively, in March 2016 and November 2017. Each party petitioned for sole legal and physical custody of the children. After a hearing at which the parties each testified and two other witnesses testified on behalf of the mother, the Family Court issued an order dated April 4, 2019 (hereinafter the April 2019 custody order). The order awarded the father sole legal and physical custody of the parties' children, permitted him to relocate with the children to Kansas, and awarded parental access to the mother in Kansas. The court issued a second order, also dated April 4, 2019, which dismissed the mother's petition for sole legal and physical custody of the children. The mother appeals.
The issues raised by the mother regarding an order dated April 30, 2018, awarding temporary custody of the children to the father, are academic, as that order was superseded by the April 2019 custody order, and the order dated April 30, 2018, is no longer in effect (see Ambrose v [*2]Ambrose, 176 AD3d 1148, 1150; Matter of Saylor v Bukowski, 170 AD3d 862, 863). Any alleged defect in the order dated April 30, 2018, does not render defective the April 2019 custody order, which was based upon a full and fair hearing (see Ambrose v Ambrose, 176 AD3d at 1150; Matter of Saylor v Bukowski, 170 AD3d at 863).
We agree with the Family Court's determination in its April 2019 custody order. "The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent (see Ambrose v Ambrose, 176 AD3d at 1150; Matter of Saylor v Bukowski, 170 AD3d at 862). "Since custody determinations depend to a great extent upon the Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings" (Matter of Valentin v Valentin, 176 AD3d 1083, 1084). "Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 1084).
Here, the Family Court was able to observe the demeanor and assess the credibility of the parties during the hearing. Based on our review of the record, the court's determination that it was in the best interests of the children to award the father sole legal and physical custody has a sound and substantial basis (see Ambrose v Ambrose, 176 AD3d at 1150) and there is no basis to disturb the court's determination that the father's testimony was credible (see Matter of Pritchard v Coelho, 177 AD3d 887, 888). The record demonstrates that the court appropriately considered all relevant factors in making its determination (see Ambrose v Ambrose, 176 AD3d at 1150). Although the attorney for the children advocated awarding custody to the mother, the children were too young to express their desires and the attorney relied on certain information which was not credited by the court (see id. at 580; see generally Ambrose v Ambrose, 176 AD3d at 1151).
The forensic evaluator did not recommend that the mother be awarded custody of the children. Instead, the forensic evaluator set forth alternative proposals and noted that the Family Court would need to determine where the children would most likely have security and stability. Although the forensic evaluator opined that the mother's geographical stability, as opposed to the father's likelihood of relocating several times during his military career, would benefit the children, that opinion was expressly conditioned upon the mother's alcohol abuse being appropriately managed. It was within the court's discretion in evaluating the children's best interest, to weigh the mother's lengthy struggle with alcohol abuse, including relapsing more than once despite treatment programs, against the mother's relatively short 11 month period of sobriety (see generally Matter of Iams v Estate of Iams, 106 AD3d 910, 911-912).
Morever, the Family Court was not required to accept the recommendation of the forensic evaluator (see Matter of Pritchard v Coelho, 177 AD3d at 888). Although the opinion of the court-appointed evaluator is entitled to some weight, it is but one factor to be considered (see id.). Here, the court adequately explained its reasons for awarding sole legal and physical custody to the father, and its rationale is amply supported by the record (see Ambrose v Ambrose, 176 AD3d at 1150-1151).
We reject the additional contention of the mother and the attorney for the children that the Family Court's determination to permit the father to relocate with the children to Kansas is not supported by the record. Since this matter concerns an initial custody determination, "the strict application of the factors relevant to a relocation petition is not required" (Matter of Miller v Hinckley, 176 AD3d 944, 945 [citation omitted]). Moreover, the court determined that the father had a strong support system in Kansas, since the parties had previously lived there and the father had extended family living in that area of Kansas, as compared with the mother, who had no family or long-standing friends in the area where she resided. Since the father's relocation is "but one factor among many" in determining the best interests of the children, the court's determination to permit [*3]the father to relocate with the children to Kansas was in the best interests of the children and will not be disturbed (id. at 945 [internal quotation marks omitted]).
The remaining contention of the mother and the attorney for the children is without merit.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court