Matter of Sintyago v Fernandez (2021 NY Slip Op 01419)





Matter of Sintyago v Fernandez


2021 NY Slip Op 01419


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-05266
 (Docket Nos. V-18719-17, V-22405-18)

[*1]In the Matter of Reginald Sintyago, appellant,
v
Veronica Fernandez, respondent. (Proceeding No. 1.)
In the Matter of Veronica Fernandez, respondent,
v
Reginald L. Sintyago, respondent. (Proceeding No. 2.)


Hector L. Santiago, Kew Gardens, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.
Sandra M. Munoz, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated June 30, 2020. The order, after a hearing, denied the father's petition for sole legal and physical custody of the parties' child and granted the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, a daughter, born in 2011. The child lived with the mother for the first five years of her life. In late 2016, the child began living with the father. However, at that time, the parties intended this to be a temporary arrangement. On or about September 15, 2017, the father petitioned for sole legal and physical custody of the child. On or about November 9, 2018, the mother petitioned for sole legal and physical custody of the child. The Family Court, after a hearing, denied the father's petition and granted the mother's petition.
In making an initial custody determination, "'[t]he court's paramount concern . . . is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interests, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Ambrose v Ambrose, 176 AD3d 1148, 1150; Matter of Saylor v Bukowski, 170 AD3d 862). Since a custody determination is dependent in large part upon the assessment by the court of the witnesses' credibility and upon the [*2]character, temperament, and sincerity of the parents, deference is accorded to the court's credibility findings (see Matter of Valentin v Valentin, 176 AD3d 1083, 1084; Matter of Turcios v Cordero, 173 AD3d 1048; Matter of Carr v Thomas, 169 AD3d 903). A custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Williamson v Williamson, 182 AD3d at 604; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046).
The Family Court's determination that the child's best interests would be served by awarding the mother sole legal and physical custody of the child has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 174; Matter of Khan v Potdar, 185 AD3d 822; Matter of Batista v Falcon, 148 AD3d 698).
The father's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court