Goudreau v Corvi (2021 NY Slip Op 04598)





Goudreau v Corvi


2021 NY Slip Op 04598


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2020-06348
 (Index No. 200026/18)

[*1]Adam Goudreau, respondent,
v
Allison Corvi, appellant.


Grant & Appelbaum, P.C., New York, NY (Patricia Ann Grant and Michael W. Appelbaum of counsel), for appellant.
Aiello & DiFalco LLP, Garden City, NY (Michael DiFalco of counsel), for respondent.
Mallis Law, P.C., Garden City, NY (Cheryl Y. Mallis of counsel), attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered July 23, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 30, 2019, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child and awarded the defendant certain parental access.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2011 and have one child together, who was born in 2012. In 2018, the plaintiff commenced this action seeking, inter alia, a divorce and sole physical and legal custody of the parties' child. After a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff sole physical and legal custody of the child and awarded the defendant certain parental access. The defendant appeals.
In making an initial custody determination, "'[t]he court's paramount concern . . . is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Valentin v Valentin, 176 AD3d 1083, 1084, quoting Matter of Gooler v Gooler, 107 AD3d 712, 712 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Ambrose v Ambrose, 176 AD3d 1148, 1150). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each party's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Louise E.S. v W. Stephen S., 64 NY2d 946, 947; Ambrose v Ambrose, 176 AD3d at 1150).
Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court (see Matter of Valentin v Valentin, 176 AD3d at 1084; Matter of Turcios v Cordero, 173 AD3d 1048, 1049; Matter of Carr v Thomas, 169 AD3d 903, 904). A custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Williamson v Williamson, 182 AD3d at 605; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046).
Here, following a nonjury trial, upon consideration of the relevant factors and its assessment of the credibility of the parties, the Supreme Court determined that the best interests of the child would be served by an award of sole physical and legal custody to the plaintiff and an award of certain parental access to the defendant. Since the court's determination has a sound and substantial basis in the record, it will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173).
Contrary to the defendant's contention, the Supreme Court did not err in declining to award the parties joint custody of the child. Joint custody is encouraged "as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590; see Matter of Hreat v Hreat, 189 AD3d 1237, 1238). However, joint custody is inappropriate "where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Matter of Laura A.K. v Timothy M., 204 AD2d 325, 326; see Matter of Gorniok v Zeledon-Mussio, 82 AD3d 767, 768). Here, the record demonstrates that based on the relationship between the parties, an award of joint custody would not be in the best interests of the child (see Matter of Gorniok v Zeledon-Mussio, 82 AD3d at 768; Matter of Battista v Fasano, 41 AD3d 712, 713).
Contrary to the defendant's contention, the plaintiff was not required to demonstrate a substantial change in circumstances in this action. "To modify an existing custody order, the parent seeking the modification must establish a substantial change in circumstances since the initial custody determination" (Matter of Moore v Gonzalez, 134 AD3d 718, 719; see Matter of Zall v Theiss, 144 AD3d 831; Matter of Cortez v Cortez, 111 AD3d 717). Here, the defendant's reliance on a so-ordered stipulation entered into between the parties during the pendency of this action is misplaced. That so-ordered stipulation addressed a temporary parental access schedule, did not address the issue of the custody of the parties' child, and specifically recognized that the parties' respective claims for custody and parental access would be addressed at trial. Accordingly, the plaintiff was not required to demonstrate a substantial change in circumstances prior to the Supreme Court's determination of the issues of custody or parental access.
The defendant's contention that certain testimony of an expert at trial improperly exceeded the scope of his expertise is partially preserved for appellate review, as the defendant only objected to certain portions of the testimony that she challenges on appeal (see Maxfield v Forum Diner, 180 AD2d 670, 671). In any event, the contention is without merit. "[E]xpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307; see Matter of Islam v Lee, 115 AD3d 952, 954; Christoforatos v City of New York, 90 AD3d 970, 970). The admissibility and scope of expert testimony is a determination within the discretion of the trial court (see De Long v County of Erie, 60 NY2d at 307; Christoforatos v City of New York, 90 AD3d at 970). Here, the record demonstrates that the challenged testimony clarified issues calling for professional knowledge and that the expert possessed the relevant knowledge. 
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court