Matter of Patten v Patten (2022 NY Slip Op 03896)

Matter of Patten v Patten

2022 NY Slip Op 03896

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2021-02930
 (Docket Nos. V-6040-16, V-6041-16, V-7403-16, V-7404-16)

[*1]In the Matter of Faiza Jibril Patten, respondent,
v
Adrian R. Patten, appellant.

Stuart Diamond, Brooklyn, NY, for appellant.
Paul B. Groman, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the children.

DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Kathleen C. Waterman, J.), dated April 8, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was for sole physical custody of the parties' children, denied that branch of the father's petition which was for sole physical custody of the children, and, upon awarding the parties joint legal custody of the children, granted final decision-making authority to the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2012 and have two children together, born in 2013 and 2014, respectively. In 2016, both parties petitioned for sole legal and physical custody of the children. After a hearing, the Family Court granted that branch of the mother's petition which was for sole physical custody of the children, denied that branch of the father's petition which was for sole physical custody of the children, awarded the parties joint legal custody of the children, with final decision-making authority to the mother, and awarded parental access to the father. The father appeals.
"The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances" (Cohen v Cohen, 177 AD3d 848, 850 [citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Matter of Kreischer v Perry, 83 AD3d 841, 841).
Here, the Family Court's determination to award sole physical custody and final decision-making authority to the mother is supported by a sound and substantial basis in the record and will not be disturbed. The record demonstrates that, although both parties are loving and fit parents, the mother is better able to provide for the children's academic needs and overall well-being. Moreover, the evidence presented at the hearing established that the mother was more willing than the father to assure meaningful contact between the children and the noncustodial parent (see Matter of Tori v Tori, 67 AD3d 1021, 1022; Allain v Allain, 35 AD3d 513, 514).
Contrary to the father's contention, the Family Court did not improperly fail to consider the effect of domestic violence upon the best interests of the children. The court, having the benefit of observing and listening to the witnesses firsthand, did not credit the father's testimony concerning acts of domestic violence by the mother, and on this record we see no reason to disturb that credibility determination (see Matter of Huaring v Camargo, 138 AD3d 993, 993-994; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). Further, the father's contention that the court considered his alleged infidelities in making its determination with respect to the issue of custody is without merit, as the court's order only mentioned the alleged infidelities in the course of explaining the marital breakdown. Finally, contrary to the father's contention, the fact that on a few occasions the mother might have stayed out overnight is not relevant to the issue of custody. There was no showing that this alleged behavior affected the mother's relationship with the children or that it had an adverse effect on the children's welfare. Accordingly, the court providently exercised its discretion in awarding sole physical custody and final decision-making authority to the mother.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court