Matter of Abraham v Etienne (2023 NY Slip Op 03917)

Matter of Abraham v Etienne

2023 NY Slip Op 03917

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-03601
 (Docket Nos. V-8152-19, V-8153-19)

[*1]In the Matter of Herold Abraham, respondent,
v
Adeline Etienne, appellant.

Darla A. Filiberto, Islandia, NY, for appellant.
Colleen R. Nugent, Amityville, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Victoria R. Gumbs-Moore, J.), dated April 23, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for sole physical custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of twins born in 2012. In 2019, the father petitioned, inter alia, for sole physical custody of the children. After a hearing, the Family Court, among other things, granted that branch of the father's petition which was for sole physical custody of the children. The mother appeals.
"The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances" (Cohen v Cohen, 177 AD3d 848, 850 [citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Matter of Patten v Patten, 206 AD3d 811, 812).
Here, the Family Court's determination to award sole physical custody to the father is supported by a sound and substantial basis in the record and will not be disturbed. The record demonstrates that, although both parties are loving parents, the father is better able to provide for the children's academic needs and overall well-being. Moreover, the evidence presented at the hearing established that the father was more willing than the mother to assure meaningful contact between the children and the noncustodial parent (see Matter of Patten v Patten, 206 AD3d at 812; Matter of Merchan v Hoyos, 199 AD3d 919, 919; Matter of McFarlane v Jones, 193 AD3d 936, 936). Accordingly, the court providently exercised its discretion in granting that branch of the father's petition which was for sole physical custody of the children.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court