Matter of Kim v Becker (2024 NY Slip Op 00310)

Matter of Kim v Becker

2024 NY Slip Op 00310

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-07350
 (Docket Nos. V-9537-20, V-9537-20/21A,V-9937-20)

[*1]In the Matter of Bruce Y. Kim, respondent,
v
Terry L. Becker, appellant. (Proceeding No. 1.)
In the Matter of Terry L. Becker, appellant,Bruce Y. Kim, respondent. (Proceeding No. 2.)

Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Karen Bodner of counsel), for appellant.
Lawrence Oh, New York, NY, for respondent.
Azra R. Feldman, Manhasset, NY, attorney for the child.

DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 19, 2022. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child, denied the mother's petition for sole legal and residential custody of the child, and directed that the mother shall have parental access with the child every Monday at 9:00 a.m. to Wednesday at 6:00 p.m and on the second weekend of every month from Friday at 3:30 p.m. to Wednesday at 6:00 p.m.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the mother shall have parental access with the child every Monday at 9:00 a.m. to Wednesday at 6:00 p.m. and on the second weekend of every month from Friday at 3:30 p.m. to Wednesday at 6:00 p.m., and substituting therefor a provision directing that the mother shall have parental access with the child on alternating weekends from Friday after school, or at 3:30 p.m. on days when school is not in session, to Tuesday morning at school drop-off, or at 9:00 a.m. when school is not in session, and, following the weekend when the father has parental access with the child, from Monday after school, or at 3:30 p.m. on days when school is not in session, to Wednesday morning at school drop-off, or at 9:00 a.m. when school is not in session; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were never married, are the parents of a child who was born in 2019. In 2020, the parties each petitioned for sole legal and residential custody of the child. After a hearing, the Family Court granted the father's petition for sole legal and residential custody of the child, denied the mother's petition for sole legal and residential custody of the child, and awarded certain parental access to the mother. The mother appeals.
"'The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances'" (Abraham v Etienne, 218 AD3d 771, 771, quoting Cohen v Cohen, 177 AD3d 848, 850). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Patten v Patten, 206 AD3d 811, 811 [internal quotation marks omitted]). "In reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court" (Matter of Ednie v Haniquet, 185 AD3d 1029, 1030). However, since the Family Court's determination "depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Handakas v Bardatsos, 215 AD3d 840, 842). Here, the court's determination to award sole legal and residential custody to the father is supported by a sound and substantial basis in the record and will not be disturbed. Accepting the court's credibility determinations, the record demonstrates that, although both parties are fit parents, the father is better able to provide for the child's overall well-being and was more willing than the mother to assure meaningful contact between the child and the noncustodial parent (see Matter of Abraham v Etienne, 218 AD3d at 771-772; Matter of Patten v Patten, 206 AD3d at 812).
However, we disagree with the Family Court's determination directing that the mother shall have parental access from Monday mornings until Wednesday evenings during the week and only one weekend per month. "The extent to which the noncustodial parent may exercise parental [access] is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child" (Chamberlain v Chamberlain, 24 AD3d 589, 592). Nevertheless, "[a]bsent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access privileges" (Matter of Yegnukian v Kogan, 179 AD3d 1082, 1083). Here, we find that the parental access schedule awarding the mother parental access with the school-aged child only one weekend per month effectively deprives the mother of significant quality time with the child (see R.K. v R.G., 169 AD3d 892, 894-895), especially where, as here, the evidence failed to demonstrate that alternate weekend overnight parental access with the mother would be harmful to the child or that the mother forfeited her right to parental access (see Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 530). We agree that it is in the child's best interests to have transitions occur during school drop-off and pick-up whenever possible. Accordingly, we modify the mother's parental access schedule such that the mother shall have parental access with the child on alternating weekends from Friday after school, or at 3:30 p.m. on days when school is not in session, to Tuesday morning at school drop-off, or at 9:00 a.m. if school is not in session, and, following the weekends that the father has parental access with the child, the mother shall have parental access from Monday after school, or at 3:30 p.m. when school is not in session, to Wednesday morning at school drop-off, or 9:00 a.m. when school is not in session.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court