Matter of Buskey v Alexis (2024 NY Slip Op 01917)

Matter of Buskey v Alexis

2024 NY Slip Op 01917

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-04385
 (Docket No. V-3527-20)

[*1]In the Matter of Ar-Rahman Buskey, appellant,
v
Patricia Nadege Alexis, respondent.

N. Scott Banks, Hempstead, NY (Tammy Feman, Mia Guthart, and Argun Ulgen of counsel), for appellant.
Carol J. Lewisohn, Woodmere, NY, for respondent.
Mark A. Green, Garden City, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated May 2, 2022. The order, insofar as appealed from, after a hearing, awarded the mother sole legal and residential custody of the parties' child, awarded the father only certain parental access, and imposed certain conditions on the father's parental access.
ORDERED that the appeal from so much of the order as awarded the father certain parental access for the time period commencing May 14, 2022, through December 10, 2022 ("Phase One"), and the time period commencing January 7, 2023, through July 8, 2023 ("Phase Two"), is dismissed as academic, without costs or disbursements, as those portions of the order have expired by their own terms (see Matter of Jacobs v Traylor, 43 AD3d 466, 467); and it is further,
ORDERED that the order is modified, on the law and the facts, by deleting the provisions thereof directing the father to submit to hair follicle, drug, and alcohol testing as a condition of his ability to increase his parental access; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
The father commenced this proceeding pursuant to Family Court Act article 6 for joint legal custody of the parties' child and a parental access schedule. Following a hearing and an in camera interview with the child, in an order dated May 2, 2022, the Family Court, inter alia, awarded the mother sole legal and residential custody of the child, awarded the father certain parental access, and imposed certain conditions on the father's parental access. The father appeals.
"In making an initial custody determination, '[t]he court's paramount concern . . . is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Goudreau v Corvi, 197 AD3d 463, 463, quoting Matter of Valentin v Valentin, 176 AD3d 1083, 1084 [internal quotation marks omitted]). "'In determining a child's best interest[s], the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent'" [*2](Goudreau v Corvi, 197 AD3d at 464, quoting Matter of Williamson v Williamson, 182 AD3d 604, 605-606).
"Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the [hearing] court" (Goudreau v Corvi, 197 AD3d at 464; see Matter of Valentin v Valentin, 176 AD3d at 1084). "A custody determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Goudreau v Corvi, 197 AD3d at 464; see Matter of Williamson v Williamson, 182 AD3d at 605).
Contrary to the father's contention, the Family Court properly declined to award the parties joint legal custody of the child. "'[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Robinson v Mustakas, 214 AD3d 880, 880, quoting Braiman v Braiman, 44 NY2d 584, 589-590). "'Where parents have evidenced an inability to cooperate on matters concerning the child, joint custody is inappropriate'" (Matter of Robinson v Mustakas, 214 AD3d at 881, quoting Paruchuri v Akil, 156 AD3d 712, 713). Here, the record demonstrates that based on the relationship between the parties, an award of joint legal custody would not be in the best interests of the child (see Goudreau v Corvi, 197 AD3d at 464).
"'[T]he determination of [parental access] is within the sound discretion of the [hearing] court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record'" (Matter of Justice F. [Jessica V.], 192 AD3d 1025, 1027, quoting Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775). Here, the evidence presented at the hearing demonstrated that throughout the child's life, the father had only been with the child for a period of several hours on the days that they spent time together, and thus, the record supports the Family Court's parental access determination. The court gave proper weight to the child's wishes, which, although not controlling, must be considered, particularly where, as here, the child is of sufficient age to articulate her needs and preferences to the court (see Matter of Lozada v Lozada, 270 AD2d 422, 422).
"A court deciding a custody proceeding may 'direct a party to submit to counseling or treatment as a component of a [parental access] or custody order'" (Matter of Hardy v Hardy, 194 AD3d 1043, 1045, quoting Lajqi v Lajqi, 130 AD3d 687, 688). Here, the Family Court properly directed the father to submit to hair follicle, drug, and alcohol testing as a component of his parental access (see Matter of Welch v Taylor, 115 AD3d 754, 756). However, the court should not have made the father's submission to such testing a condition to seeking future parental access (see id. at 756).
The father's contention that the order awards the mother the authority to cancel the father's parental access is improperly raised for the first time in the father's reply brief and, therefore, is not properly before this Court (see Trujillo v Collado, 217 AD3d 891, 893).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court