Cicale v Cicale (2024 NY Slip Op 04759)

Cicale v Cicale

2024 NY Slip Op 04759

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-05478
 (Index No. 500117/22)

[*1]Evan Cicale, respondent, 
v
Karla Cicale, appellant.

Law Offices of Sergio Villaverde, PLLC, New York, NY, for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Putnam County (Thomas Ritchie Davis, J.), dated March 27, 2023. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 22, 2022, and an order of the same court dated December 22, 2022, both made after a nonjury trial, (1) awarded the plaintiff final decision-making authority and primary residential custody of the children, with the parties having a shared parental access schedule of equal time with the children, (2) denied the defendant's counterclaim for an award of child support, (3) directed the defendant to pay the plaintiff child support arrears in the sum of $7,500 at a rate of $150 per week, and (4) directed the defendant to pay the plaintiff $33,000 in equitable distribution of the marital property.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof awarding the plaintiff final decision-making authority and primary residential custody of the children, and substituting therefor a provision awarding joint residential custody of the children, and (2) by deleting the provision thereof directing the defendant to pay the plaintiff child support arrears in the sum of $7,500 at a rate of $150 per week; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the defendant, and the order dated December 22, 2022, is modified accordingly.
The parties were married in April 2013 and have two children together. In July 2018, the parties began living separately. In February 2022, the plaintiff commenced this action for a divorce and ancillary relief. The defendant interposed an answer, asserting various counterclaims, including one for an award of child support. A trial to determine the issues of custody, parental access, child support, and equitable distribution was held thereafter.
In a judgment of divorce dated March 27, 2023, the Supreme Court, upon a decision and an order, both dated December 22, 2022, inter alia, (1) awarded the plaintiff final decision-making authority and primary residential custody of the children, with the parties having a shared parental access schedule of equal time with the children, (2) denied the defendant's counterclaim for an award of child support, (3) directed the defendant to pay the plaintiff child support arrears in the [*2]sum of $7,500 at a rate of $150 per week, and (4) directed the defendant to pay the plaintiff $33,000 in equitable distribution of the marital property. The defendant appeals.
"In making an initial custody determination, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Goudreau v Corvi, 197 AD3d 463, 463 [atlerations and internal quotation marks omitted]). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (id. at 464 [internal quotation marks omitted]; see Matter of Pitkanen v Huscher, 167 AD3d 901, 901). "Maintenance of status quo, while also not decisive, is a positive value entitled to great weight" (Matter of Burke v Squires, 202 AD3d 784, 786).
Since custody determinations depend to a great extent upon the trial court's "assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings" (Matter of Devine v Dominguez, 210 AD3d 768, 769). Therefore, the custody and parental access determinations of the trial court "will not be disturbed unless they lack a sound and substantial basis in the record" (id.; see Goudreau v Corvi, 197 AD3d at 464).
Here, the Supreme Court's determination to award the parties equal parental access with the children has a sound and substantial basis in the record. However, the court's determination to award the plaintiff final decision-making authority in the event that the parties disagreed on substantive issues affecting the welfare of the children was not supported by a sound and substantial basis in the record (see Matter of Ledbetter v Singer, 178 AD3d 707, 708-709). Rather, the record showed that the defendant had assumed the responsibility of making the majority of the decisions affecting the children's education, healthcare, and after-school activities, and there was an insufficient justification in the record to supplant the defendant in that role (see Matter of Burke v Squires, 202 AD3d at 786), particularly in light of her educational and professional experience working with children in need of special education services (see Matter of Olivieri v Olivieri, 170 AD3d 849, 851). Moreover, the court's determination to award the plaintiff primary residential custody was not supported by a sound and substantial basis in the record. Based on the totality of the circumstances, an award of joint residential custody is in the children's best interests (see Matter of Ruggiero v Noe, 77 AD3d 959, 961).
The Child Support Standards Act (hereinafter the CSSA) "sets forth a three-step method for determining the appropriate amount of support and each parent's respective share of that obligation" (Matter of Smisek v DeSantis, 209 AD3d 142, 145, citing Domestic Relations Law § 240[1-b][c]; see Bast v Rossoff, 91 NY2d 723, 726-727). The CSSA requires a court "to direct 'the non-custodial parent to pay his or her pro rata share of the basic child support obligation'" based on that calculation, "unless it finds that amount to be 'unjust or inappropriate' based upon a consideration of statutory factors" (Matter of Smisek v DeSantis, 209 AD3d at 145, quoting Family Ct Act § 413[1][f][10]).
"[A] parent who has physical custody of the child for a majority of the time in a shared custody situation is considered the custodial parent for child support purposes" (id. at 147). Where the parents have equal parental access with the children, "the parent having the higher income and thus bearing the greater pro rata share of the child support obligation . . . is deemed the noncustodial parent for child support purposes" (id. at 143; see Matter of Conway v Gartmond, 144 AD3d 795; Baraby v Baraby, 250 AD2d 201, 204).
Here, the Supreme Court providently exercised its discretion in deviating from the presumptively correct amount of child support in eliminating the plaintiff's basic child support obligation (see Domestic Relations Law § 240[1-b][c]; Matter of Geller v Geller, 133 AD3d 599, 601). The court appropriately set forth the factors it considered in making this determination and explained why the plaintiff's basic child support obligation was unjust and inappropriate under the [*3]circumstances of this case (see Domestic Relations Law § 240[1-b][g]; Matter of Gardner v Maddine, 112 AD3d 926, 928).
However, the Supreme Court erred in directing the defendant to pay the plaintiff child support arrears in the sum of $7,500 at a rate of $150 per week. In particular, the court erred in determining that the defendant was the noncustodial parent for the purposes of determining child support arrears, as the defendant had physical custody of the children for a majority of the time during the relevant period (see Bast v Rossoff, 91 NY2d at 728).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court