Matter of Berkley v Beckles (2024 NY Slip Op 05343)

Matter of Berkley v Beckles

2024 NY Slip Op 05343

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-11240
 (Docket Nos. V-8129-21, V-3736-22)

[*1]In the Matter of Iasha Berkley, respondent,
v
Landre Dean Beckles, appellant. (Proceeding No. 1.)
In the Matter of Landre Dean Beckles, appellant
v
Iasha Berkley, respondent. (Proceeding No. 2.)

Stewart N. Altman, Williston Park, NY, for appellant.
Daniel M. Bauso, Southampton, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Teresita A. Morales, Ct. Atty. Ref.), dated November 8, 2023. The order, after a hearing, granted the mother's petition for sole custody of the parties' child and dismissed the father's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father, who were never married, are the parents of a child who was born in 2011. In 2021, the mother filed a petition for sole custody of the child. The father thereafter filed a petition for sole custody of the child. After a hearing, the Family Court granted the mother's petition and dismissed the father's petition. The father appeals.
"In a child custody case, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Carrington v Fowler, 222 AD3d 747, 747-748; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Matter of Carrington v Fowler, 222 AD3d at 748). "[S]ince the Family Court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d 813, 815 [internal quotation marks omitted]; see Matter of Carrington v Fowler, 222 AD3d at 748).
Here, the Family Court's determination to award sole custody of the child to the [*2]mother is supported by a sound and substantial basis in the record and will not be disturbed. Accepting the court's credibility determinations, the record demonstrates that, although both parties are fit parents, the mother is better able to provide for the child's overall well-being and was more willing than the father to assure meaningful contact between the child and the noncustodial parent (see Matter of Kim v Becker, 223 AD3d at 815; Matter of Abraham v Etienne, 218 AD3d 771, 771-772).
The father's remaining contention is not properly before this Court.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court