Matter of Herrar v Ratley (2025 NY Slip Op 00093)

Matter of Herrar v Ratley

2025 NY Slip Op 00093

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-06560
 (Docket Nos. V-8639-21, V-2236-22)

[*1]In the Matter of Nykia L. Herrar, appellant,
v
Arthur J. Ratley, respondent. (Proceeding No. 1)
In the Matter of Arthur J. Ratley, respondent,
v Nykia L. Herrar, appellant. (Proceeding No. 2)

William A. Sheeckutz, East Meadow, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.
Steven P. Forbes, Huntington, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated June 21, 2023. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and denied the mother's petition for sole legal and residential custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were never married, are the parents of a child who was born in 2018. In December 2021, the father filed a petition for sole legal and residential custody of the parties' child. Thereafter, in March 2022, the mother filed a petition for sole legal and residential custody of the child. After a hearing, the Family Court granted the father's petition and denied the mother's petition. The mother appeals.
"The court's paramount concern when making any custody determination is the best interests of the children as determined upon a consideration of the totality of the circumstances" (Cohen v Cohen, 177 AD3d 848, 850 [citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606; see Matter of Kreischer v Perry, 83 AD3d 841, 841). "Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and [*2]where a full evidentiary hearing has been held on the child's best interests, the resultant findings will not be lightly set aside on appeal" (Matter of Roldan v Nieves, 76 AD3d 634, 635; see Matter of Andrade v Salvador, 160 AD3d 826, 827).
Here, the Family Court's determination to award the father sole legal and residential custody of the child is supported by a sound and substantial basis in the record and will not be disturbed. The record establishes, inter alia, that the father has been the child's primary caretaker since August 2021, when the mother relocated to Maryland, and that the father has a support system to care for the child.
Accordingly, the Family Court properly granted the father's petition for sole legal and residential custody of the child and denied the mother's petition for sole legal and residential custody of the child.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court