Matter of Pollack v Slasten (2025 NY Slip Op 01934)

Matter of Pollack v Slasten

2025 NY Slip Op 01934

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04998
 (Docket Nos. V-17092-19/19A/20B/20C, V-17093-19/19A/20B/20C, V-8804-22, V-8805-22)

[*1]In the Matter of Nevar Pollack, respondent, 
v
Marina Slasten, appellant. Andrew J. Gilbride, Riverhead, NY, for respondent.

Beth Rosenthal, Deer Park, NY, for appellant.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from stated portions of an order of the Family Court, Suffolk County (James F. Quinn, J.), dated May 3, 2023. The order, after a hearing, among other things, awarded the father sole legal and physical custody of the parties' children with supervised parental access to the mother, did not set forth a schedule for the mother's supervised parental access with the children, granted the father's application for an award of counsel fees, and remitted the matter to the Supreme Court, Suffolk County, for a determination of the amount of counsel fees to be awarded to the father.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting the father's application for an award of counsel fees, and substituting therefor a provision denying the application, (2) by deleting the provision thereof remitting the matter to the Supreme Court, Suffolk County, for a determination of the amount of counsel fees to be awarded to the father, and (3) by adding thereto a provision directing that the mother's supervised parental access with the children shall be pursuant to a schedule set forth by the Family Court; as so modified, the order is affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to set forth, with all convenient speed, a schedule for the mother's supervised parental access with the children.
The mother and the father are the parents of two children in common. The parties each sought sole legal and physical custody of the children. After a hearing, the Family Court, in an order dated May 3, 2023 (hereinafter the May 2023 order), among other things, awarded the father sole legal and physical custody of the children with supervised parental access to the mother. The May 2023 order did not set forth a schedule for the mother's supervised parental access. The court also granted the father's application for an award of counsel fees. The mother appeals.
The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances (see Matter of Williamson v Williamson, 182 AD3d 604, 605; Matter of Turcios v Cordero, 173 AD3d 1048, 1049). "In determining a child's best [*2]interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect of an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d at 605-606). Since the Family Court's determination depends to a great extent on its assessment of the credibility of the witnesses, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Kim v Becker, 223 AD3d 813, 815; Matter of Valentin v Valentin, 176 AD3d 1083, 1084). Here, the court's determination to award sole legal and physical custody of the children to the father is supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748, 749). However, the court should have set forth a schedule for the mother's supervised parental access with the children (see Matter of Acosta v Melendez, 179 AD3d 912, 914) and we remit the matter to the Family Court, Suffolk County, to do so.
Further, under the facts and circumstances of this case, the Family Court should have denied the father's application for an award of counsel fees (see Lerner v Lerner, 168 AD3d 736, 739).
The mother's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court